UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHADWICK DANYLO HALL,  )
   Plaintiff,  )
     )
vs.  )   Case No. 23-1074
     )
R. MCMILLAN, et. al.,  )
   Defendants  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, says his constitutional rights were violated at the Federal Correctional Institution at Pekin, Illinois (FCI Pekin). Plaintiff has identified nine Defendants including Secretary R. McMillan, Case Manager Jessica Shea, Counselor Young, Officer N. Hienz, Captain R. Taylor, Case Management Geraud, Assistant Warden C. Collier, and Illinois Department of Corrections Regional Director Andre Matevousian.

Plaintiff's 63-page complaint is difficult to decipher because his allegations are spread between the complaint, a memorandum of law, and attached exhibits. Plaintiff's

1

complaint alleges over the course of three days, August 11 through August 13, 2022, Defendant McMillian repeatedly violated his Eighth Amendment rights when he conspired with other Defendants and was "recruiting inmates"…"to have me assaulted for filing grievances." (Comp, p. 6).  Plaintiff also alleges other Defendants participated in recruited inmates by threatening "cell searches and petty rule enforcement" and some Defendants refused to investigate Plaintiff's conspiracy claim. (Comp, p. 7). Plaintiff names two inmates, but he does not say whether the inmates ever threatened Plaintiff, nor if he was ever assaulted.

Plaintiff's "memorandum of law" refers to individuals who are not Defendants and different incidents which occurred during different time periods. (Comp, p. 13).

Plaintiff has next attached 35 pages of exhibits. (Comp, p. 28-63).  In Exhibit A, Plaintiff claims he was called to an office and met with Defendants Newman,[1] Shea, Secretary McMillian, and Counselor Young.  Plaintiff says Defendant McMillian questioned him about a previous grievance and asked Plaintiff why he continued to file the same grievance.  Plaintiff said his complaint with mail was ongoing.  Officers would stand in the middle of the unit and call names, and if an inmate was not there, Plaintiff claimed the officer would "give that inmates mail to any other inmate." (Comp., p. 28). Defendants denied this occurred and told Plaintiff he was not to file more than one grievance on the same issue.

---

[1] Plaintiff is advised he must identify any intended Defendant in the list of Defendants, not just the caption of his complaint.  Defendant Newman is not included in the nine identified Defendants. (Comp, p. 3-4).

2

Plaintiff claims when his meeting was over, another inmate was called to the office. When this inmate returned, he told Plaintiff they had to find out who was writing grievances on mail and make him stop, or all inmates would "be targeted for cell shakedown." (Comp, p. 19). Plaintiff also claims Defendant Shea began writing incident reports for minor events.

Plaintiff does not claim the officers provided his name, not that any other inmate said Plaintiff was responsible. Plaintiff does not allege he was specifically threatened, nor that he was injured in any way. It is also unclear how Defendant Shea's incident reports are related to his grievances about mail, and it does not appear there were any cell shakedowns.

It is difficult to understand the basis of Plaintiff's claims. To state a retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Filing grievances is a protected activity, but it is not clear what action Plaintiff claims any Defendant took to retaliate against him.

In addition, "[v]ague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden' a complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds." *Evers v.*

3

*Reak*, 21 Fed.Appx. 447, 450 (7th Cir. 2001*), citing Amundsen v. Chicago Park Dist.,* 218 F.3d 712, 718 (7th Cir. 2000).

Plaintiff's complaint is therefore dismissed for failure to state a claim upon which relief can be granted and violation of Rule 8 of the Federal Rules of Civil Procedure which calls for a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2).   The Court will allow Plaintiff an opportunity to file an amended complaint and directions to assist him in clarifying his allegations:

1) Plaintiff's proposed amended complaint must stand complete on its own, must include all intended claims and defendants, and must not refer to other filings.

2) Plaintiff must not attach exhibits or memorandums of law. Any intended claim MUST be stated only in Plaintiff's complaint.

3) For any intended claim, Plaintiff should state when it occurred, what happened, and which Defendants were involved and how they were involved.

4) If Plaintiff was ever directly threatened or injured, he should clearly state this in his amended complaint including who threatened him and when.

Finally, Plaintiff's motion for appointment of counsel is denied with leave to refile after he files his amended complaint clearly stating his intended claims. [4].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and violation of Rule 8 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. §1915A; Fed.R.Civ.P. 8(a)(2).

2) Plaintiff must file an amended complaint on or before May 12, 2023. If Plaintiff fails to file an amended complaint by the deadline or fails to follow the Courts' instructions, his case will be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew [4].

4) The Clerk is to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 30 days of this order.

Entered this 19th day of April, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE