## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHADWICK DANYLO HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-1074** |
| | ) | |
| **R. MCMILLAN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro* se, files suit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that his constitutional rights were violated while he was incarcerated at the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin").

This cause is before the Court for merit review of Plaintiff's Amended Complaint. (Doc. 10). The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

Plaintiff identifies multiple Defendants in their individual and official capacities, including Mailroom Supervisor D. Stolarzyk, Counselor R. McMillan, Correctional Officer N. Hienz, and

1

Doe Defendants 1-30 (unidentified mailroom staff and unit officers). Plaintiff also names Collette Peters, the Director of the Federal Bureau of Prisons, in her official capacity for injunctive relief.

First, Plaintiff alleges that Defendant Stolarzyk and Doe Defendants 1-30 interfered with his mail. Specifically, Plaintiff alleges that Defendants refused to deliver his mail and books he ordered and opened "clearly mark[ed] 'Legal mail' not in the presence of the inmate." (Doc. 10 at p. 7). Plaintiff claims that Doe Defendants 1-30 do not verify inmates' identities when they deliver mail and allow inmates to collect mail for other inmates. As a result, Plaintiff alleges he lost letters and pictures from family and multiple book orders since April 2021.

"Inmates have a First Amendment right both to send and receive mail." *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). "An inmate's legal mail, however, is entitled to great protections because of the potential for interference with his right of access to the courts." *Kaufman*, 419 F.3d at 685-86 (citing *Rowe*, 196 F.3d at 782).

Second, Plaintiff alleges that on August 11 through 13, 2023, Defendants McMillan and Hienz repeatedly threatened him and solicited other inmates to assault him in retaliation for filing grievances about them. Plaintiff alleges Defendants McMillan and Hienz conducted cell searches, turned off televisions to upset the inmate population, and made threatening comments to Plaintiff, such as, "your gonna have a rough road." (Doc. 10 at p. 6).

To state a retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotations omitted). Filing grievances is a protected activity.

However, Plaintiff cannot bring First Amendment claims against federal officials pursuant to *Bivens* in light of the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). *Abbasi* suggests that the only valid contexts for constitutional claims against federal officers are those previously recognized by the Supreme Court under the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. at 397 (Fourth Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender discrimination); *Carlson v. Green,* 446 U.S. 14 (1980) (Eighth Amendment deliberate indifference to medical needs). In *Abbasi*, the Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Court has not officially recognized unless "special factors" counsel otherwise. *Abbasi*, 137 S. Ct. at 1859-60.

A two-part test is used to determine whether a *Bivens*-type damages remedy exists outside of the three limited contexts noted above. *Smadi v. True*, No. 18-CV-02149-JPG, 2021 WL 2853262, at *3 (S.D. Ill. July 8, 2021). "First, a court must ask whether the claim represents an extension of one of the three previously recognized claims, such that it presents a new context. If so, the court must then determine whether special factors counsel hesitation in granting the extension absent affirmative action by Congress. *Id*. (citing *Abbasi*, 137 S. Ct. at 1857-58). "Whether special factors urge expansion of this remedy into a new context depends on 'whether the Judiciary is well-suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed,' and whether 'there is an alternative remedial structure present in a certain case." *Smadi*, 2021 WL 2853262, at *4 (quoting *Abbasi*, 137 S. Ct. at 1858).

Plaintiff's First Amendment claims do not fit under any of the three scenarios recognized by *Bivens*. The Court is mindful that Congress has conspicuously refrained from extending *Bivens*

to First Amendment cases, the Supreme Court has never allowed a *Bivens* damages case under the First Amendment, and post-*Abbasi*, the Seventh Circuit has not allowed such a claim to proceed. *See Abbasi*, 137 S. Ct. at 1857; *Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). The Seventh Circuit and this Court have also recently declined to extend *Bivens* to First Amendment claims. *See Borowski v. Bechelli*, 772 F. App'x 338, 339 (7th Cir. 2019); *Piggee v. McMillin*, No. 21-CV-1328-MMM, 2022 WL 409682, at *4 (C.D. Ill. Feb. 9, 2022).

Furthermore, it appears that alternative remedies are available for Plaintiff. Plaintiff admits that he used the Bureau of Prison's administrative remedies process because he submitted grievances complaining about Defendants McMillan and Hienz and the issues with mail delivery. (Doc. 10 at p. 6). "The Supreme Court has explained that the existence of an alternative remedial structure, alone, may limit the court's power to infer a new *Bivens* cause of action because 'the alternative process may convincingly caution the Judiciary against 'providing a new and freestanding remedy in damages.'" *See Smadi*, 2021 WL 2853262, at *5 (quoting *Abbasi*, 137 S. Ct. at 1858). The fact that Plaintiff did not obtain the exact relief he sought does not justify expansion of *Bivens*. *Id.* at *5.

Consistent with previous rulings, this Court declines to extend *Bivens* to Plaintiff's First Amendment claims. Plaintiff's claims against Defendants in their individual capacities are dismissed with prejudice for failure to state a claim for relief, as his claims against the individual Defendants are foreclosed post-*Abbasi*. No official capacity claims for declaratory and injunctive relief were properly alleged. Therefore, claims alleged against Defendants in their official capacities are dismissed without prejudice with leave to amend.

4

**IT IS THEREFORE ORDERED:**

1.      Pursuant to the merit review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff's claims against Defendants Stolarzyk, McMillian, Hienz, and Does 1-30 in their individual capacities are DISMISSED WITH PREJUDICE for failure to state a claim for relief because these claims represent an unauthorized expansion of the *Bivens* remedy post-*Abbasi*. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A.

2.      All official capacity claims against Defendants Peters, Stolarzyk, McMillian, Hienz, and Doe Defendants 1-30 are DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A.

3.      The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within 21 days of this Order if he chooses to proceed with any claims for declaratory or injunctive relief in this action. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Second Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

ENTERED:    11/16/2023

                                                        s/ James E. Shadid
                                                        James E. Shadid
                                                        United States District Judge